MASON (DUNNELL v.). See Case No. 4,179.

MASON (GAMBLE v.). See Case No. 5,209.

MASON (GRAHAM v.). See Cases Nos. 5,671 and 5,672.

MASON (GRANT v.). See Cases Nos. 5,698 and 5,701.

———

## Case No. 9,238.

### MASON v. INGRAHAM.

[5 Ben. 81.] [1]

District Court, E. D. New York. March, 1871.

PILOTS—TENDER OF SERVICE—HALF PILOTAGE—AGENT OF VESSEL.

The pilotage law of New York provided, that in case of a tender of service by a pilot to a vessel, and a refusal of such service, half pilotage should be due and recoverable of the agent of the vessel. A pilot filed a libel on such a cause of action against a person, who was not at the time of the tender the consignee of the vessel, who did not act for her under a general employment, and who did not collect her freight. *Held*, that, in order to charge a person with liability as agent, under the act, it is necessary to show that he had some connection with the vessel at the time, and that the defendant was not liable.

[Libel by Edward R. Mason against John S. Ingraham for the recovery of pilotage.]

BENEDICT, District Judge. This is an action by a pilot to recover half pilotage of the defendant, as the agent of the bark R. B. Walker. It involves the same question of jurisdiction decided in the case of Banta v. McNeil [Case No. 966], to which reference is made for my opinion thereon. There is, however, another question in this case, which has not arisen in former half pilotage cases decided in this court. Here the right to recover is rested upon the state statute, which, it is claimed, creates a liability for half pilotage on behalf of the agent of the ship to which the tender is made; and it is only as agent that the defendant is sought to be held, as he was not master or part owner. Upon this point, it is sufficient to say that, in my opinion, it is at least necessary, in order to charge a person, in the capacity of agent, with a liability of this description, to show that he had some connection with the vessel. At the time of the pilot's tender, the defendant was not the consignee of the vessel, nor did he act for her under any general employ-

ment. Her freight was not collected by him, nor does it appear that he was in any way connected with the vessel at the time the libellant's cause of action arose.

The libel must, therefore, be dismissed.